IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| DANTE WARD, | ) | |
| | ) | Case No. CV-04-006-S-BLW |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM DECISION** |
| v. | ) | **AND ORDER** |
| | ) | |
| SORRENTO LACTALIS, INC., | ) | |
| a Delaware Corporation, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**MEMORANDUM DECISION**

In an earlier decision, this Court held that the evidence did not support the award of front pay damages of $805,000.  The Court gave plaintiff the option of either accepting a remittitur of the front pay damages to $175,000 or proceeding to trial on the issue of front pay damages.[1]  Ward refused to accept either, arguing that the Court had no authority to compel him to make that choice.  The Court responded by ordering a new trial.

Ward has since filed a Motion re Remittitur, wherein he states that although he continues to object to either option (new trial or remittitur), he "has concluded

---

[1] The Court reduced the emotional distress damages from $445,000 to $300,000 due to the ADA cap.

**Memorandum Decision and Order – Page 1**

that the impact of another trial on his mental health, along with the resulting delay

and additional expense, is less desirable than remittitur." He requests the Court to

allow him to accept the remittitur "under protest," citing in support the Idaho Rules

of Civil Procedure that allow for such a procedure.

There is no similar rule in the federal system. State rules do not apply here,

as the Supreme Court has held that (1) federal law governs the extent to which the

acceptance of a remittitur waives appeal rights, and (2) federal law provides no

procedure for reserving appellate rights while accepting a remittitur. *Donovan v.*

*Penn Shipping Co.*, 429 U.S. 648, 650 (1977). Thus, the Court has no authority to

preserve Ward's appeal rights if he accepts the remittitur. Because Ward's motion

seeks to accept the remittitur only upon the Court's approving a condition that the

Court has no authority to grant, the Court will deny the motion. The Court will

give Ward ten days to accept the remittitur unconditionally. If Ward does not do

so, counsel are then directed to immediately contact the Court's Deputy Clerk to

obtain a trial date.

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the Motion re

Remittitur (Docket No. 106) is DENIED. Plaintiff shall, within ten (10) days from

**Memorandum Decision and Order – Page 2**

the date of this decision, notify the Court in writing that he will accept the

remittitur.  If he does not do so, the remittitur will be deemed withdrawn and

counsel shall immediately contact the Court's Deputy Clerk (LaDonna Garcia at

208-334-9021) to set a trial date for a trial limited to the issue of front pay.

DATED:  **July 27, 2006**

B. LYNN WINMILL
Chief Judge
United States District Court

**Memorandum Decision and Order – Page 3**